IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOANN MEHRING, on her own behalf and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. ) |
| ADVOCATE HEALTH CARE NETWORK DISABILITY INCOME PROTECTION PLAN, | ) ) ) ) |
| Defendant. | ) ) |

**CLASS ACTION COMPLAINT**

Now comes the Plaintiff, JOANN MEHRING ("Mehring" or "Plaintiff"), by her attorneys, DEBOFSKY SHERMAN CASCIARI REYNOLDS, P.C., on her own behalf and on behalf of all others similarly situated, and complaining against the Defendant, ADVOCATE HEALTH CARE NETWORK DISABILITY INCOME PROTECTION PLAN ("Plan"), states as follows:

**JURISDICTION**

1. Jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"), and in particular, ERISA § 502(e)(1) and (f) (29 U.S.C. §§ 1132(e)(1) and (f)). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee benefit plan, to enforce rights under the terms of the plan, or to clarify rights to future benefits under the terms of the plan, as well as claims for breach of fiduciary duty. ERISA §§ 502(a)(1)(B) & (a)(3) (29 U.S.C. §§ 1132(a)(1)(B) & (a)(3)).

2. This action may also be brought before the district court pursuant to 28 U.S.C. § 1331, which provides subject matter jurisdiction over actions that arise under the laws of the United States.

3. In conformity with ERISA § 502(h) (29 U.S.C. § 1132(h)), Plaintiff has served this Class Action Complaint on via certified mail on the United States Secretary of Labor and Secretary of Treasury.

## VENUE

4. Venue is proper in the Northern District of Illinois, Eastern Division pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) and 28 U.S.C. § 1391 because Defendant does business within this District and can be found here; and many of the material events relevant to this claim took place within this District.

## NATURE OF ACTION

5. Plaintiff brings this action on her own behalf and on behalf of all others similarly situated to challenge the Plan's refusal to recognize the common fund doctrine in relation to its right to recoup overpayments under the terms of the Plan. The Plan is an ERISA-governed welfare benefit plan in accordance with §§ 1.3 and 8.15 of the Plan, which was established for the benefit of Advocate Health Care Network's employees for the purpose of providing short-term and long-term disability benefits in the event an employee becomes unable to work on account of sickness or injury. The Plan coordinates benefits with "Other Income Benefits" such as Social Security disability insurance payments (Plan § 2.29); and this action relates to such coordination of benefits.

6. This action is brought as a claim for benefits pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Plaintiff specifically seeks reimbursement for payments she and the other class members incurred for legal fees in relation to applications for Social Security and other types of benefits deemed "Other Income Benefits" under the terms of the Plan.

7. This action is also brought in the alternative as a claim for breach of fiduciary duty pursuant to ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)) in relation to Defendant's fiduciary

obligation to recognize the common fund doctrine in order to credit the payment of attorneys' fees and expenses incurred in qualifying to receive "Other Income Benefits" as that term is defined in the Plan.

8. In addition, Plaintiff seeks attorneys' fees and costs pursuant to ERISA § 502(g) (29 U.S.C. § 1132(g)).

**PARTIES**

9. At all times relevant hereto, Plaintiff, who is a resident of Oak Lawn, Illinois, worked for Advocate Health Care until she became disabled and had to cease working. Plaintiff subsequently applied for and received disability benefits under the Plan. At the Plan's urging and demand, Plaintiff concurrently applied to receive Social Security Disability Insurance benefits with the assistance of counsel she retained for that purpose; and her application was ultimately approved.

10. At all times relevant hereto, the Plan (a true and accurate copy of which is attached hereto and by that reference incorporated herein as Exhibit "A") is an employee welfare benefit plan sponsored by Advocate Health Care for the benefit of its employees. The Plan constituted an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)).

11. Upon information and belief, Plaintiff believes there are other similarly situated plan participants and/or beneficiaries under the Plan.

**RELEVANT PLAN PROVISIONS**

12. The Plan provides, in relevant part, the following definition:

§ 2.29 **Other Income Benefits** are those benefits identified below…

(a) These Other Income Benefits include:

(1) The full amount of disability, retirement or widow benefits under the United States Social Security Act or any other governmental disability or retirement

3

program (except military pension and military disability plans) for which the Participant or the Participant's Spouse are eligible. Federal Social Security benefits of any type that are paid to a Claimant shall be "Other Income Benefits" regardless of whether such benefits are paid on account of the Disability for which benefits are otherwise payable under this Plan;

(2)     The full amount the Claimant receives or is eligible to receive under any present or future law. This includes any amount that is not received solely because the Claimant failed to apply for it.

(3)     The full amount of any compulsory "no fault" automobile coverage. However, benefits from such coverage will not be included as Other Income benefits if state law or regulation does not allow reduction of disability benefits by benefits under no-fault motor vehicle coverage.

(4)     The full amount the Claimant receives or is eligible to receive under any other group insurance or individual policy;

(5)     The full amount of any salary, wages, benefits, commissions, bonuses, accrued sick days, vacation days, paid time off, holidays or similar pay that the Claimant receives or is entitled to receive from any work or services in which the Claimant engages or previously engaged to the extent such amounts, when combined with Claimant's benefit under this Plan, exceed one hundred percent (100%) of the Claimant's base pay.

(6) The full amount of any payments the Claimant receives or is eligible to receive due to acts of third parties who, in the Claims Administrator's determination, are at least partially responsible for the Claimant's claim for benefits under the Plan. This includes any payments that are obtained through the pursuit of claims, lawsuits, judgments, awards, settlements, or otherwise by the Claimant or by any person or entity on the Claimant's behalf;

(7) Any type of state or federal unemployment benefits paid or payable to a Claimant during his or her Period of Disability;

(8) Sick Bank Hours;

(9) The full amount of any benefit or compensation for which the Claimant is eligible or that is paid to the Claimant, or a third party on the Claimant's behalf, pursuant to any plan or arrangement, whether insured or not, as a result of employment by or association with the Claimant's Employer or as a result of membership in or association with any group, association or other organization;

(10) The amount of retirement disability benefits the Claimant receives under a retirement plan.

13. The Plan further contains provisions regarding coordination of benefits with "Other Income Benefits" and recoupment of any overpayments that result from receipt of "Other Income Benefits." Plan § 6.2.

## STATEMENT OF FACTS

14. Following Plaintiff's receipt of Social Security disability benefits, the Plan demanded that Plaintiff , reimburse the Plan for the full amount of retroactive payments she received, inclusive of the amount withheld by the Social Security Administration for payment of attorneys' fees to the representative who assisted Plaintiff in recovering fees for a total of $34,774.36.

15. Although Plaintiff agreed to reimburse the Plan in the event she received "other income benefits," she objected to having to reimburse the Plan for the $6,000 legal fee she incurred in establishing her entitlement to receipt of Social Security disability insurance payments and requested that the overpayment be reduced by that amount.

16. The Plan refused to give Plaintiff credit for the attorneys' fees she incurred. Although Plaintiff appealed and challenged the Plan's refusal to credit her with the amount of attorneys' fees she incurred pursuant to an equitable doctrine known as the "common fund" doctrine, the Plan refused to alter its position.

### Plaintiff's Claim

17. The Plaintiff claims that she was required to reimburse the Plan an amount that included the fees and expenses she incurred in adjudicating her Social Security disability claim and that she is owed a refund of those fees and expenses since all of the economic benefits from the retroactive Social Security award inured to the Plan, which has been unjustly enriched as the result of being the recipient of a fund for which the party who created the fund incurred all of the

expenses. Plaintiff maintains that she is owed the amount she was required to reimburse the Plan for the fees and expenses she incurred in applying for Social Security disability insurance benefits by the Plan.

18. Plaintiff's claim for such monies is based on a longstanding equitable principle known as the "common fund doctrine." In *U.S. Airways, Inc. v. McCutchen,* 133 S.Ct. 1537 (2013), the Supreme Court ruled the common fund doctrine is available in ERISA benefit matters where a benefit plan seeks reimbursement of funds received from a third party; and that reimbursement to the plan participant of the legal expenses incurred in creating to fund the benefit plan receives is required in all situations unless the Plan document explicitly disclaims the operation of the common fund doctrine.

19. The Plan does not contain a disclaimer of the common fund doctrine.

20. As a result of the operation of the common fund doctrine, the Plaintiff is owed additional Plan benefits of approximately $6,000, the amount of the fees she incurred pursuant to 29 U.S.C. § 1132(a)(1)(B); or, in the alternative, the Defendant has a fiduciary obligation to refund the amount of such legal fees and expenses to the Plaintiff in accordance with 29 U.S.C. § 1132(a)(3).

## CLASS ACTION ALLEGATONS

21. Plaintiff brings this action individually and on behalf of all others similarly situated as a Class Action pursuant to Fed. R. Civ. P. 23.

22. Pursuant to Fed. R. Civ. P. 23(b), Plaintiff seeks certification of a class defined as follows:

> All persons who have received benefits under the Plan and who have also received "other income benefits" and who were required to reimburse the plan for the full amount of the other income benefits received without any credit being given for legal fees and expenses incurred in generating the "other income benefits."

6

23. Plaintiff and the other class members reserve the right under Fed. R. Civ. P. 23(c)(1)(C) to amend or modify the class to include greater specificity, by further division into subclasses, or by limitation to particular issues.

24. This action has been brought and may be properly maintained as a Class Action under the provisions of Fed. R. Civ. P. 23 because there is a well-defined community of interest in this litigation and the proposed class is easily ascertainable.

## Numerosity

25. The potential members of the proposed class as defined above are so numerous that joinder of all such members is impracticable.

26. While the precise number of potential class members has not been determined at this time, Plaintiff has been informed and believes that there are a substantial number of individuals covered under the Plan who have been similarly affected.

## Commonality

27. Common questions of law and fact exist as to all members of the proposed class.

## Typicality

28. Plaintiff's claims are typical of the claims of the entire proposed class, and Plaintiff and all proposed class members have been or will soon be similarly affected by Defendant's wrongful conduct.

## Adequacy of Representation

29. Plaintiff will fairly and adequately represent and protect the interests of the members of the entire proposed class. Plaintiff's counsel is competent and experienced in ERISA litigation, and particularly disability-related claims litigation.

### Superiority of Class Action

30. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individual joinder of all members of the proposed class is not practicable, and common questions of law and fact exist as to all class members.

31. A class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

### Fed. R. Civ. P. 23(b) Requirements

32. Inconsistent or varying adjudications with respect to individual potential class members outside of the proposed class would establish incompatible standards of conduct for the Plan.

33. Adjudications with respect to individual potential class members would be dispositive of the interests of the other class members not parties to the individual adjudications and/or would substantially impair or impede their ability to protect their interests.

34. The Plan has acted or refused to act on grounds generally applicable to the entire proposed class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the proposed class as a whole.

### CLAIMS FOR RELIEF

### First Claim for Relief –
### Claim for Benefits
### ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(1)(B))

Plaintiff reasserts and incorporates paragraphs 1-34 above as though fully set forth herein and further alleges as follows:

8

35. The foregoing facts establish that Defendant has been unjustly enriched by recouping reimbursement of "other income benefits" without reducing that reimbursement by the amount of attorneys' fees and expenses incurred in generating the "other income benefits" funds.

36. Based on the above, Plaintiff and the class she represents seek an award of benefits reimbursing them for the amount of unjust enrichment the Plan has received, which matches the amount of loss she has incurred by being required to pay reimbursement in an excessive amount.

37. Pursuant to ERISA § 503 (29 U.S.C. § 1133) and 29 C.F.R. § 2560.503-1, all required internal appeal(s) for denied benefit claims have been exhausted by Plaintiff or have been proven futile as Defendant has made it clear to Plaintiff's Social Security attorney that it would not credit the fees and expenses Plaintiff incurred in prosecuting her Social Security disability insurance claim. Any attempt to submit pre-litigation appeals on behalf of the other potential class members would also be futile and are thereby excused. Therefore, this matter is ripe for judicial review.

WHEREFORE, Plaintiffs pray for the following relief:

A. An award of all benefits due under the terms of the Plan;

B. An award of prejudgment interest on all "other income benefits" wrongfully recouped by failure to reduce the reimbursement by the amount of attorneys' fees and expenses incurred by Plaintiffs in generating "other income benefits;"

C. An award of attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

D. An award of any and all other relief to which Plaintiffs are entitled.

**Second Claim for Relief –**
**Claim for Declaratory, Injunctive, and Other Equitable Relief**
**ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3))**

Plaintiff reasserts and incorporates paragraphs 1-34 above as though fully set forth herein and in the alternative to the claims asserted under ERISA § 502(a)(1)(B), further alleges as follows:

35. As set forth herein, Plaintiff and the other potential class members are participants in and/or beneficiaries of an ERISA-governed group disability plans, as defined by ERISA §§ 3(7) & (8) (29 U.S.C. §§ 1002(7) & (8)), which are administered and/or underwritten by Advocate Health Care.

36. The Plan and its plan and claims administrator acted at all times relevant hereto and continues to act as an ERISA fiduciary or fiduciaries with respect to the administration of claims and interpretation of the Plan with respect to Plan participants and their beneficiaries; and exercise discretionary authority and/or control with respect to the management of all such plans, the management and/or disposition of the assets of all such plans, or in the administration of all such plans within the meaning of ERISA §§ 3(21)(A)(i) and 409(a) (29 U.S.C. §§ 1002(21)(A)(i) and 1109(a)).

37. As an ERISA fiduciary, the Plan is required to act with the utmost prudence and loyalty to the plan participants in administering its group benefit claims (ERISA § 404(a)(1) (29 U.S.C. § 1104(a)(1)), and must comply with the other requirements in the ERISA statute, as well as the terms and conditions of the ERISA plans themselves, in making benefit determinations and processing benefit claims on behalf of plan participants and beneficiaries including the other potential class members.

38. The Plan repeatedly violated those obligations and duties owed to Plaintiff and the other potential class members during the time frame at issue here through the following conduct:

10

      a.      Administering benefits in a manner that unjustly enriched the Plan at Plaintiffs' expense and to their detriment;

      b.      Not giving recognition to the common fund doctrine and crediting Plaintiffs for the fees and expenses they incurred in generating "other income benefits."

39. In acting and failing to act in the ways described above, the Plan and its plan and claim administrators breached the fiduciary duties it owed to Plaintiff and the other potential class members.

40. Pursuant to ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)), Plaintiff seeks the following equitable relief on behalf of herself and all other potential class members:

      a.      Injunctive relief compelling the Plan to:

          i.      Administer benefits in a manner that gives recognition to the common fund doctrine;

          ii.      Amend the Plan to recognize the common fund doctrine;

          iii.      Re-evaluate all prior claims involving reimbursement for "other income benefits" in which the common fund doctrine was not recognized or implemented;

      b.      Provide an accounting of all unjust enrichment received by the Plan as a result of recouping "other income benefits" without crediting fees and expenses incurred by Plan participants and their beneficiaries and by failing to apply the common fund doctrine;

      c.      An award of pre-judgment and post-judgment interest on all wrongfully recouped "other income benefits" at an appropriate interest rate; and

      d.      An award of other appropriate equitable and remedial relief as determined by the Court.

Dated: July 1, 2019								Respectfully submitted,

										/s/ Mark D. DeBofsky
										_____
										Mark D. DeBofsky
										One of the Attorneys for Plaintiff
										Joann Mehring

Mark D. DeBofsky
DeBofsky Sherman Casciari Reynolds P.C.
150 North Wacker Drive, Suite 1925
Chicago, Illinois 60606
Voice: (312) 561-4040
Fax: (312) 929-0309
Email: mdebofsky@debofsky.com